IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60472
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAZ VALRIE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CR-145-2-D
--------------------
January 16, 2003

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Chaz Valrie challenges his conditional guilty-plea conviction and 72-month sentence for armed bank robbery, in violation of 18 U.S.C. § 2113(a). He contends that the district court erred in denying his motion to suppress the evidence resulting from the stop of his vehicle, renewing his argument that there was no reasonable suspicion to justify the stop because it was based on a mere tip by a person not known to the officer conducting the stop, Deputy Porter, which information was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not specific enough to be reliable, citing <u>Florida v. J.L.</u>, 529 U.S. 266, 271 (2000).

Contrary to Valrie's assertion, Officer Porter had reasonable suspicion for the stop because an eyewitness to the robbery had called 911 to report that a bank robbery had been committed by two heavyset black males who left the scene in an older model brown car, which information he knew had been confirmed by an officer at the scene, and because, when Officer Porter observed two heavyset black males in an older brown car in the vicinity of the robbery, both passenger and driver acted suspiciously. See <u>United States v. Burbridge</u>, 252 F.3d 775, 778 (5th Cir. 2001); <u>United States v. Wangler</u>, 987 F.2d 228, 230 (5th Cir. 1993); <u>see</u> <u>also</u> <u>J.L.</u>, 529 U.S. at 271. The district court therefore did not err in denying Valrie's motion to suppress.

Valrie next contends that the district court erred in permitting the Government to reopen its case during closing arguments to present additional testimony by the eyewitness who made the original 911 call regarding the bank robbery. We uphold the district court's ruling because Valrie has not shown how the reopening, even if error, was not harmless. See FED. R. CRIM. P. 52(a).

The district court's judgment is AFFIRMED.